98 F.3d 1357
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kevin M. HULL, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 96-3208
 United States Court of Appeals, Federal Circuit.
 Sept. 11, 1996.
 
 Before MAYER, LOURIE, and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Kevin M. Hull petitions for review of the February 21, 1996 final decision of the Merit Systems Protection Board, Docket No. NY0752940144X-1, dismissing his petition for enforcement of a settlement agreement against the Department of Veterans Affairs ("the agency"). Because the board did not err in determining that the agency had complied with the terms of the settlement agreement, we affirm.
 
 DISCUSSION
 
 2
 In November 1993, the agency removed Hull from the position of Personnel Management Specialist at its Montrose, New York FDR Medical Center. While appealing his removal to the board, Hull and the agency entered into a written settlement agreement, which provided, in relevant part:
 
 
 3
 (d) Human Resources Management Services (Montrose) will provide every reasonable assistance to [Hull] in finding another equivalent position at the GS-9 level consistent with the agency's Merit Promotion regulations during the nine-month detail [beginning March 6, 1994].[1]
 
 
 4
 Hull later filed a petition for enforcement of the settlement agreement with the board, see 5 C.F.R. § 1201.182 (1996), alleging that the agency had breached the agreement by failing to provide him with reasonable assistance in finding another position and by failing to delete references to the original removal action from his personnel files. The board found that the agency had not complied with the settlement agreement and ordered it to respond to six specific issues within twenty days or face sanctions. Hull v. Department of Veterans Affairs, 68 M.S.P.R. 291 (1995). The agency timely responded to the order.
 
 
 5
 In a February 21, 1996 final decision, the board determined that the agency had addressed each of the six issues and dismissed Hull's petition for enforcement. Hull v. Department of Veterans Affairs, 69 M.S.P.R. 570 (1996). Specifically, the board found that Hull had applied for and was considered for the two available positions for which he was qualified, EEO Manager and Voluntary Specialist, and that the agency had purged from its personnel and computer files "all documents referring to the notice of proposed removal and subsequent notice of removal." Based on these findings, the board determined that the agency had complied with its earlier order and with the settlement agreement. Accordingly, the board dismissed Hull's petition for enforcement. Hull now petitions for review by this court.
 
 
 6
 We may reverse a decision of the board only if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 7
 On appeal, Hull argues that the board did not properly evaluate whether the agency breached provision (d) of the settlement agreement because it mistakenly found that the agency had re-announced the EEO Manager vacancy. The agency concedes that the position was not re-announced, but argues that the board did not rely on and need not have relied on the mistaken finding. In reaching its conclusion that the agency had complied with provision (d), the board observed that the settlement agreement merely guaranteed Hull "assistance in finding another equivalent position at the GS-9 level," and that Hull was considered for every available position for which he was qualified.
 
 
 8
 A settlement agreement is a contract which will be enforced according to its terms. The terms of the settlement agreement required the agency to offer "reasonable assistance," but did not require the agency to re-announce all the positions for which Hull was qualified. We conclude that provision (d) is unambiguous and that the board's interpretation of the settlement agreement was correct as a matter of law. The board did not have to rely upon its erroneous finding that the position was re-announced. Therefore, in spite of the error, which was harmless, we conclude that the board's determination that the agency complied with provision (d) was supported by substantial evidence.
 
 
 9
 Hull argues that the agency also breached provision (d) of the settlement agreement by refusing to provide the selecting officers responsible for filling the Voluntary Specialist position with either his new performance evaluation or a new promotion certificate. However, the board found that Hull was properly considered for the Voluntary Specialist position. The board found that the agency had canceled the vacant Voluntary Specialist position after Hull had applied for it and had never filled the position. These findings were supported by substantial evidence. In particular, we note Human Resource Management Service (HRMS) Chief Hooker's statement to the board in which he indicated that Hull was rated "fully satisfactory" on his last available performance evaluation and that the selecting officer did not rely upon promotional certificates in reaching his decisions.
 
 
 10
 Finally, Hull contests the board's finding that the agency had "remove[d] any references to the removal action" from its personnel files. In reaching this conclusion, the board relied in part upon HRMS Chief Hooker's statement that the agency had deleted all references to the removal action from its computer system. Hull asserts that Hooker's statement was "fabricated" and that the agency purposefully delayed purging its computer system in an effort to prejudice him. However, he offers no evidence to support these allegations. Therefore, Hull has failed to show that the board's findings with respect to provision (g) of the settlement agreement were not supported by substantial evidence.
 
 
 11
 Accordingly, the board did not err in determining that the agency complied with the terms of the settlement agreement and we therefore affirm.
 
 
 
 [1]
 The agency agrees to remove any reference to the removal action from the personnel files